Dear Mr. Dionisi:
You have requested an opinion of the Attorney General regarding the Louisiana Deferred Compensation Plan (Plan), enacted pursuant to R.S. 42:1301-1308 and Internal Revenue Code (IRC) Section 457. The Plan was established for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by permitting such individuals to defer a portion of their compensation into the Plan. Currently, participants and employers are utilizing the Plan under the following scenarios:
 1. As a voluntary plan, with employee only deferrals, separate from, and in addition to, a primary retirement plan or Social Security coverage.
 2. As a mandatory plan, with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan, with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan, with employee contributions and employer match, as a supplemental retirement benefit, separate from, and in addition to, a primary retirement plan or Social Security coverage.
You state that you have been contacted by a representative of the Louisiana Assessors' Association regarding the assessors participation in a deferred compensation plan. You specifically ask whether an employer (i.e., an assessor) may elect to make matching contributions on behalf of an employee (whether classified or unclassified), and/or on behalf of an elected or appointed official whose maximum compensation is set by statute. The assessor would establish a plan, as described in No. 4 above, for employees who are currently covered under the State's Defined Benefit Pension Plan.
In answer to your question, we have reviewed the laws and constitutional provisions relevant to this issue, and can find no prohibition against the implementation of a voluntary supplemental retirement plan with employee contributions and employer match, which will be separate from, and in addition to, a primary retirement plan. We specifically find that, if the plan constitutes an authorized pension program, voluntary and/or involuntary contributions made by an employer would not be prohibited under the constitution and laws of this State. Article VII Section 14(B)(2). In accord are Attorney General Opinion Nos. 96-162, 95-473 and 95-65.
Further, we see no prohibition for said plan to involve matching contributions by the employer on behalf of an employee and/or elected or appointed official, with one exception. It is axiomatic that, if the maximum salary and/or per diem of a public official or employee is fixed by statute, it cannot be exceeded. Under the plan contemplated in your request, any matching contribution by an employer comprises additional compensation to such official or employee. Consequently, the employer match for an official and/or employee, whose salary and/or per diem are fixed by law, can only be implemented to the extent that it does not result in the official's or employee's total compensation surpassing the statutory maximum.
Finally, extreme care should be taken by the public employer seeking to implement the plan that the total amount of employee contributions eligible for shelter does not exceed that allowable under federal law. Further, we recommend that, prior to the implementation of any plan, the assessor should review same with representatives of the Employee's Benefit Exempt Organizations Division of the Internal Revenue Service at (202)622-6030. We further recommend that any questions pertaining to Social Security benefits be directed to Linda Yelverton, Department of The Treasury Division of Social Security at (225)342-0026.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
Date Received: Date Released:
ROBERT L. HARROUN, III ASSISTANT ATTORNEY GENERAL